IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA,
LOCAL 141,                          :

          Plaintiff,                :     Case No. 3:17-cv-60

     v.                                   JUDGE WALTER H. RICE

GAYSTON CORP.,                      :

          Defendant.

---

DECISION AND ENTRY OVERRULING AS MOOT DEFENDANT'S
MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (DOC. #10);
SUSTAINING DEFENDANT'S AMENDED MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT (DOC. #15); VACATING CLERK'S
ENTRY OF DEFAULT (DOC. #8)

---

Plaintiff Laborer's International Union of North America, Local 141 ("Local

141" or "Plaintiff"), filed suit against Gayston Corporation ("Gayston" or

"Defendant"), alleging: (1) breach of labor agreement; (2) conversion of union

deductions from employees' paychecks; and (3) breach of fiduciary duty pursuant

to Ohio Rev. Code § 4113.15. This matter is currently before the Court on

Defendant's Amended Motion to Set Aside Clerk's Entry of Default, Doc. #15. For

the reasons set forth below, that motion is SUSTAINED, and the Clerk's Entry of

Default, Doc. #8, is VACATED. Defendant's initial Motion to Set Aside Clerk's

Entry of Default, Doc. #10, is OVERRULED AS MOOT.

## I. Background and Procedural History

Gayston is a corporation and employer incorporated under the laws of the State of Ohio. Local 141 is a labor organization affiliated with the Laborers' International Union of North America. The parties are each bound to a collective bargaining agreement. This Court's jurisdiction is based on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On February 21, 2017, Local 141 filed the instant suit, alleging that Gayston failed to withhold union deductions from the employees' wages, and/or withheld union deductions from the employees' wages but failed to remit them to Local 141. Doc. #1.

Gayston was served the Summons and Complaint via certified mail on February 24, 2017. Doc. #4. On March 6, 2017, Casey Cain, Gayston's Director of Human Resources, filed a pleading purporting to be an Answer. Doc. #5. It is clearly established that a corporation cannot appear in federal court except through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Accordingly, Ms. Cain's purported Answer was ineffective. On April 6, 2017, the Court issued an Order requiring Gayston to secure counsel to enter an appearance within twenty-one days. Doc. #6. Gayston did not receive a copy of that Order. Doc. #15-1, PageID#294; Doc. #15-2, PageID#301; Doc. #15-3, PageID#308.

When Gayston failed to comply with the Court's Order, Local 141 filed an Application for Clerk's Entry of Default. Doc. #7. The Clerk filed an Entry of

Default on May 1, 2017.  Doc. #8.[1]  Local 141, however, did not file a Motion for Default Judgment.

On May 24, 2017, counsel for Gayston entered an appearance and filed an Answer, Doc. #9, and a Motion to Set Aside Clerk's Entry of Default, Doc. #10. Local 141 opposed the motion.  Doc. #13.  Gayston then sought, and was given, leave to supplement its Motion to Set Aside Clerk's Entry of Default.  Doc. #14. On August 1, 2017, Gayston filed an Amended Motion to Set Aside Clerk's Entry of Default.  Doc. #15. The Amended Motion includes Declarations of: (1) Casey Cain; (2) Andrew Sheldrick, Gayston's Chief Operations Officer; and (3) Adam Stone, Gayston's Chief Executive Officer.  Local 141 has not filed anything further.

## II.     Fed. R. Civ. P. 55

If a defendant fails to "plead or otherwise defend," as required by the Federal Rules of Civil Procedure, the clerk must enter default.  Fed. R. Civ. P. 55(a).  Pursuant to Rule 55(c), the defendant may later petition the Court to set aside the entry of default.  Because the law favors trials on the merits over procedural missteps, federal courts tend to be "extremely forgiving" in ruling on motions to set aside entries of default.  *United States v. $22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).  A stricter standard of review is applied when the Court is asked to set aside a default *judgment*.  *O.J. Distrib., Inc.*

---

[1] That filing is mistakenly entitled "Clerks Entry of Default Judgment."

3

*v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). An entry of default, however, may be set aside for good cause shown. Fed. R. Civ. P. 55(c).

## III.   Analysis

Factors to be considered in determining whether good cause exists include: (1) the defendant's willfulness; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff will be prejudiced. *$22,050.00 United States Currency*, 595 F.3d at 324. The Court turns first to the question of Gayston's culpability.

### A.   Defendant's Willfulness

The first factor a court must consider is whether Gayston's default was willful. In *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190 (6th Cir. 1986), the Sixth Circuit held that "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.* at 194. Negligence is not enough; the defendant's conduct must be willful. *$22,050.00 United States Currency*, 595 F.3d at 327.

Gayston's failure to move or plead was not willful. Casey Cain filed a timely Answer to the Complaint. Doc. #5. In her Declaration, she stated that she then called the Clerk of Court to ask if Gayston needed to do anything else at that time. Doc. #15-1, PageID #293. At the conclusion of that call, she mistakenly believed that Gayston would need an attorney only if the case proceeded to trial. *Id.* In

4

addition, throughout this time, Ms. Cain was attempting to work with counsel for Local 141 to resolve the matter. Several email messages were exchanged between March 1, 2017, and April 11, 2017. *Id.* at PageID##293-99.

No one at Gayston received a copy of the Court's April 6, 2017, Order, giving Gayston twenty-one days to secure counsel to enter an appearance. Doc. #15-1, PageID#294; Doc. #15-2, PageID#301; Doc. #15-3, PageID#308. Gayston did not learn of the April 6, 2017, Order, until it received a copy of Plaintiff's Application for Entry of Default. Immediately thereafter, Gayston retained counsel, who entered an appearance and filed an Answer and a Motion to Set Aside Entry of Default. *Id.* The Court is satisfied that the record does not support a finding that the default occurred as the result of willful conduct.

### B. Meritorious Defense

The second factor a court must consider is whether a defendant has a meritorious defense. Local 141 notes that a National Labor Relations Board (NLRB) investigation already found that Gayston failed to comply with its contractual obligations. Doc. #1-1, PageID##7-8.

Nevertheless, "[l]ikelihood of success is irrelevant. . . All that matters is whether a well-stated defense, if sustained, would change the outcome." *$22,050.00 United States Currency*, 595 F.3d at 326. Although Gayston's brief does not address this factor, the Court notes that, in its Answer, Gayston has asserted numerous defenses to Plaintiff's claims. These include failure to state a claim upon which relief may be granted, statute of limitations, failure to mitigate,

laches, estoppel, waiver, unclean hands, and failure to exhaust administrative remedies. Doc. #9. The Sixth Circuit has found that detailed factual allegations are not necessary. All that is required is "a hint of a suggestion which, proven at trial, would constitute a complete defense." *$22,050.00 United States Currency*, 595 F.3d at 326 (internal quotation omitted). Given that several of the defenses asserted by Gayston fall within this category, the Court is satisfied that Gayston has asserted at least one meritorious defense.

### C.    Prejudice to Plaintiff

The final factor to be considered is whether Local 141 will be prejudiced if the Court sets aside the Entry of Default. Local 141 argues only that it will be prejudiced if Gayston's "blatant disregard of its duty to remit Union Deductions to Plaintiff and its subsequent disregard of the legal process go unpunished." Doc. #13, PageID#247. Local 141 notes that it has made several demands for payment and has already pursued claims before the NLRB.

Setting aside the Entry of Default does not necessarily mean that Gayston's alleged wrongdoing will go unpunished. It simply means that Local 141 is not entitled to immediate relief. The Sixth Circuit has held that delay, in and of itself, is insufficient to establish prejudice. *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 977 (6th Cir. 1991). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *INVST Fin. Grp.*

*v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1987)).  Local 141 has not alleged any of these.

Although setting aside the Entry of Default will increase Local 141's litigation costs, this must be balanced against the strong policy of favoring resolution on the merits of the case.  *$22,050.00 United States Currency*, 595 F.3d at 325.  The Court finds that setting aside the Entry of Default will not result in any significant prejudice to Local 141, particularly now that Gayston is represented by counsel.

## IV.   Conclusion

For good cause shown, the Court SUSTAINS Defendant's Amended Motion to Set Aside Clerk's Entry of Default, Doc. #15, and VACATES the Clerk's Entry of Default, Doc. #8.  Defendant's Motion to Set Aside Clerk's Entry of Default, Doc. #10, is OVERRULED AS MOOT.

Date: August 29, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE